**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:19-cr-00030-GZS |
| MICHAEL LIBERTY & PAUL HESS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO SEVER**

Before the Court is the Motion to Sever by Defendant Paul Hess (ECF No. 99). For reasons briefly explained herein, the Court DENIES the Motion.

**I.     LEGAL STANDARD**

As relevant to the pending Motion, Federal Rule of Criminal Procedure 14(a) allows the court to "sever the defendants' trials, or provide any other relief that justice requires" if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." However, the federal courts prefer joint trials of defendants properly indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Molina, 407 F.3d 511, 531 (1st Cir. 2005) (stating that the "default rule is that defendants who are indicted together should be tried together"). "Garden-variety prejudice," such as that which "results in almost every trial in which the court tries more than one offense together," does not "in and of itself, warrant severance." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008). Instead, the defendant "must demonstrate that the prejudicial joinder likely deprived him of a fair trial." Id.; see also Zafiro, 506 U.S. at 539 ("We believe that, when defendants properly have been joined under Rule 8(b), a district court should

grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

## II.     DISCUSSION

Defendant Paul Hess seeks a separate trial or, alternatively, a separate jury, from his Co-Defendant Michael Liberty.  In support of this request, he points to the Indictment, which charges Liberty with four additional counts (Counts 7-10).  However, as Hess acknowledges in his Motion, he and Liberty are jointly charged in the first six counts of the Indictment, which includes a conspiracy charge.  Given this overlap, the Court concludes a joint trial on the Indictment is proper. See United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017) ("Joinder is proper . . . even when the objecting defendant is only connected to one part of [a common] scheme.")  While Hess expresses concern about prejudicial spillover, on the record presented, the Court concludes any spillover will not deprive him of a fair trial.[1]  Rather, any potential spillover prejudice may be addressed through careful jury instructions.  See United States v. Chisholm, 940 F.3d 119, 128 (1st Cir. 2019) ("[L]imiting instructions are usually sufficient antidotes to potential prejudice."); see also United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) ("In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered.").

While Hess asserts that separate trials would give rise to a relatively "slight" "inconvenience and expense to the government," the Court disagrees.  (Def. Motion to Sever (ECF No. 99), PageID # 2194.)  Currently, counsel have requested that the Court reserve five weeks for trial of this matter.  (Trial Scheduling Order & Report of Conference (ECF No. 134), PageID #

---

[1] The Court likewise concludes that the spillover does not warrant empaneling two separate juries in this matter.

2520.) Given the overlapping evidence on Counts 1-6, separate trials would likely double this trial time estimate for the Court and the Government. Moreover, the Government represents that separate trials would require multiple victim witnesses to testify twice and the costs of separate trials would be "extensive." (Gov't Response (ECF No. 125), PageID # 2466.) Having given full consideration to the possibility of separate trials or separate juries at a single trial, the Court concludes that neither remedy is necessary to provide Hess a fair trial. Rather, a joint trial on the Indictment before a properly instructed jury will avoid inconsistent verdicts and "promote efficiency." Zafiro, 506 U.S. at 537 (explaining that joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts" (internal quotations and citations omitted)).

### III.  CONCLUSION

For the reasons just stated, Defendant's Motion to Sever (ECF No. 99) is hereby DENIED. SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 23rd day of April, 2020.

3