UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 2:19-cr-00030-GZS<br>PAUL E. HESS, )<br>Defendant. ) | |

**GOVERNMENT'S MOTION TO DISMISS
THE INDICTMENT WITHOUT PREJUDICE**

NOW COMES the United States of America, by and through its undersigned attorneys and hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 48(a), to enter an Order dismissing the Indictment without prejudice effective May 9, 2021. In support of its motion, the government states as follows:

1. On February 27, 2019, a grand jury indicted Michael Liberty and Paul Hess, charging each of them with one count of wire fraud conspiracy (18 U.S.C. § 1349), four counts of wire fraud (18 U.S.C. § 1343), and one count of securities fraud (15 U.S.C. §§ 78j(b) and 78ff(a)). Liberty also was charged with one count of money laundering conspiracy (18 U.S.C. § 1956(h)) and three counts of money laundering (18 U.S.C. § 1957). Trial in this case is scheduled to begin on September 20, 2021.

2. On January 19, 2021, President Donald Trump issued an Executive Grant of Clemency that granted a full and unconditional pardon to Liberty for a prior conviction and for offenses charged in the Indictment in this case. *See* Dkt. No. 174. On February 3, 2021, the Court issued an Order of Discharge that discharged Liberty from the case pursuant to Federal Rule of Criminal Procedure 48(b), which left Hess as the sole defendant remaining in this case. *See* Dkt. No. 177.

3. Approximately 11 months prior to the Indictment in this case, on March 30, 2018, the U.S. Securities and Exchange Commission ("SEC") filed a civil action against Liberty, Hess, and several other individual and corporate defendants, alleging that they were "engaged in a long-running fraudulent scheme using multiple fraudulent securities offerings." *SEC v. Liberty*, Complaint ¶ 1, Dkt. No. 1 (D. Me. Mar. 30, 2018). The allegations in the SEC's Complaint arise, in part, from the same conduct underlying the Indictment in this case. The SEC's civil action has been stayed pending the resolution of this parallel criminal case. *See SEC v. Liberty*, Order on Defendant's Fourth Motion to Stay Civil Proceedings at 6-7, Dkt. No. 73 (D. Me. Aug. 8, 2019).

4. Federal Rule of Criminal Procedure 48(a) permits the government to dismiss an indictment "with leave of court." "Customarily Rule 48(a) dismissals are without prejudice," *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994), and as has been recognized in other circuits, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). Likewise, courts in this District have noted the other circuits who acknowledge "that on a Rule 48(a) motion, 'the government is entitled to a presumption of good-faith[.]'" *United States v. Suazo*, No 2:18-CR-26-DBH-02, 2020 WL 974869, at *2 (D. Me. Feb. 28, 2020) (quoting *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989)).

5. In light of the dismissal of charges against co-defendant Liberty pursuant to the pardon in this criminal case, the pending civil action against Hess by the SEC, and the facts and circumstances of this criminal case, dismissal without prejudice of the Indictment against Hess is consistent with the public interest.

      6.      An effective date of May 9, 2021 for dismissal of the pending charges against Hess will provide the government with a reasonable period—30 days—within which to notify the victims in this case of the impending dismissal of the pending charges against Hess.

      7.      The government has conferred with counsel for Hess who has informed the government that Hess does not oppose the government's motion to dismiss or the government's request that the effective date of the dismissal order be 30 days from the date of this motion (*i.e.*, May 9, 2021).

WHEREFORE, for the reasons stated above, the government respectfully requests that the Court enter an Order dismissing the Indictment in this case without prejudice and with an effective date of May 9, 2021.

Dated in Portland, Maine this 9th day of April, 2021.

Respectfully submitted,

| | |
|---|---|
| /s/Donald E. Clark<br>DONALD E. CLARK<br>Acting United States Attorney | DANIEL S. KAHN<br>Acting Chief<br>Criminal Division, Fraud Section<br>U.S. Department of Justice |
| | /s/ Matthew F. Sullivan<br>MATTHEW F. SULLIVAN<br>Trial Attorney |

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | |
| ) | Crim. No. 2:19-cr-00030-GZS |
| PAUL E. HESS,   ) | |
| Defendant.   ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the GOVERNMENT'S MOTION TO DISMISS THE INDICTMENT WITHOUT PREJUDICE to be served upon all counsel of record by ECF:

Dated: April 9, 2021                                  /s/Matthew F. Sullivan
                                                                    MATTHEW F. SULLIVAN
                                                                    Trial Attorney